```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```
DEBORAH INGANAMORTE,

                       Plaintiff(s),                **ORDER**
                                                                               CV 03-5973  (DRH) (WDW)
        -against-

CABLEVISION SYSTEMS CORP.,

                       Defendant(s).
```
----------------------------------------------------------X
```
**WALL, Magistrate Judge:**

      Before the court is a motion, dated August 5, 2005, by plaintiff's counsel, Kenneth Kutner, to be relieved as counsel.  Plaintiff Deborah Inganamorte does not oppose Mr. Kutner's withdrawal, but does oppose his claim to any additional fees.  Defendant Cablevision Systems Corporation opposes this motion given the delays already experienced in this case.   Defendant made a motion for summary judgment on March 4, 2005, but to facilitate settlement negotiations, plaintiff's time to oppose that motion was extended four times.  Cablevision opposed the final extension, stating its belief that plaintiff was not negotiating in good faith and sought only to prolong the matter.  Judge Hurley granted an extension to August 12, 2005, noting that it was "the Court's FINAL extension."  Judge Hurley subsequently ordered that plaintiff's time to oppose would be extended pending a decision on the motion to withdraw.  The parties appeared before the undersigned on September 1, 2005 for argument on the motion.  For the reasons stated herein, the motion is granted.

      During the settlement negotiations, plaintiff was "represented" by Rosalind Fink.  Although Ms. Fink has never filed a notice of appearance on this case and is not counsel of record, she apparently conducted the settlement negotiations.  Mr. Kutner has put forth several valid reasons for granting his withdrawal, including his exclusion from these negotiation, and the court grants his motion for leave to withdraw for good cause shown.

      As to the issue of any additional fees to which Mr. Kutner may be entitled, New York Judiciary Law § 475 ("Section 475") provides in part that:

> the attorney who appears for a party has a lien upon his client's
> cause of action, claim or counterclaim, which attaches to a verdict,
> report, determination, decision, judgment or final order in his
> client's favor, and the proceeds thereof in whatever hands they may
> come; and the lien cannot be affected by any settlement between
> the parties before or after judgment, final order or determination.

N.Y. Judiciary Law § 475 (McKinney 1983).  Section 475 governs the imposition of attorneys'

charging liens by federal courts sitting in New York. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 448 (2d Cir. 1998) (citations omitted). "Moreover, the Second Circuit has 'long recognized that the lien created by section 475 . . . is enforceable in federal courts in accordance with its interpretation by New York courts.'" *Id. (*quoting *In re Chesley v. Union Carbide Corp.,* 927 F.2d 60, 67 (2d Cir. 1991)).

It is undisputed that Mr. Kutner performed legal services for Ms. Inganamorte entitling him to a charging lien pursuant to Section 475. Mr. Kutner is being allowed to withdraw from this matter upon a showing of just cause and therefore his entitlement to a charging lien survives. *See Klein v. Eubank*, 84 N.Y.2d 459, 462 (1996)(stating that "[i]t has long been held that attorneys who terminate their representation for just cause continue to be entitled to enforce their liens"). The court thus finds that Mr. Kutner is entitled to a charging lien.

A determination of the amount of the charging lien, however, would be premature. The fixing of the amount should be made subsequent to any recovery, whether by trial or settlement, as the amount of any recovery is a factor in determining the reasonable value of services rendered by an attorney seeking to enforce a charging lien. *See Matter of Shaad,* 59 A.D.2d 1061, 1062 (4th Dept. 1977). Accordingly, the court declines to set an amount for the charging lien at this time and notes that when the matter has concluded, the amount of the charging lien will be determined on a quantum meruit basis.

The argument held earlier today was adjourned to this date on plaintiff's request so that Ms. Fink could attend, yet Ms. Fink reportedly declined to do so. Although it seems apparent to the court that Ms. Fink is unwilling to officially represent plaintiff in this matter beyond any settlement possibility, the court will grant plaintiff a brief period of time to retain Ms. Fink or another attorney, and to submit opposition to defendant's motion for summary judgment. Accordingly, plaintiff's time to submit opposition papers, either by any newly retained counsel or by Ms. Inganamorte representing herself *pro se*, is extended to **September 30, 2005.** Defendant's reply shall be submitted by **October 21, 2005.** The court notes that plaintiff was advised in court, and by this order, that given her acts in prolonging this case to date, there will be no further extensions to this deadline. Plaintiff was specifically advised that she should not plan on retaining new counsel at the eleventh hour and getting yet another extension at that time. Mr. Kutner is directed to immediately serve a copy of this order on Ms. Inganamorte.

Dated: Central Islip, New York     **SO ORDERED:**
       September 1, 2005

            /s/ William D. Wall
            WILLIAM D. WALL
            United States Magistrate Judge